Matter of New York State Constr. Safety Assn. v New York City Dept. of Health & Mental Hygiene (2022 NY Slip Op 03348)





Matter of New York State Constr. Safety Assn. v New York City Dept. of Health & Mental Hygiene


2022 NY Slip Op 03348


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Friedman, Gesmer, Mendez, Higgitt, JJ. 


Index No. 156401/20 Appeal No. 15993 Case No. 2021-01514 

[*1]In the Matter of New York State Construction Safety Association et al., Petitioners-Appellants,
v
The New York City Department of Health and Mental Hygiene et al., Respondents-Respondents.


Dhillon Law Group, Inc., New York (Ronald D. Coleman of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elina Druker of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 30, 2021, which denied the petition to annul and declare invalid a joint memorandum issued by respondents the New York City Department of Health and Mental Hygiene (DOHMH) and the New York City Department of Buildings (DOB) dated June 7, 2020, which provided property owners and contractors with guidance concerning enforcement of the New York State Department of Health (State DOH) Interim Guidance For Construction Activities During The Covid-19 Public Health Emergency, and various executive orders, and dismissed the hybrid proceeding brought pursuant to CPLR article 78, unanimously dismissed, without costs, as moot.
Petitioners sought to enjoin implementation and enforcement of the joint memorandum, requested a declaration that the memorandum was invalidly issued, and sought to dismiss DOB-issued violations and to vacate DOB stop work orders alleging violations of the State DOH requirements outlined in the memorandum. However, the memorandum explained that those requirements would be in force only until rescinded and amended by New York State. The Governor rescinded the State DOH requirements and the state of emergency in June 2021. As a result, an injunction would be a "legal impossibility" (AmBase Corp. v Spruce Capital Partners LLC, 168 AD3d 514, 515 [1st Dept 2019]), because any conclusion we might reach about the propriety of those requirements or the manner of their issuance "would have no practical effect on the rights or liabilities of these parties" (State of N.Y. ex rel. Harkavy v Consilvio, 8 NY3d 645, 653 [2007]; see also Matter of Crumpley v Wack, 212 AD2d 299, 303 [1st Dept 1995], lv dismissed and denied 86 NY2d 808 [1995]). Further, the violations and stop work orders annexed to the amended petition have been dismissed or rescinded, as shown by those exhibits and publicly available DOB records. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022